**Alan C. Baker, WSBA#46037**
**A.C. Baker Law, PLLC**
**P.O. Box 1247**
**Lewiston, ID 83501**
(208) 743-5338 Phone
(208) 743-5307 Fax
Email: alan@acbakerlaw.com
Attorney for Plaintiff

**Jonathan D. Hally**
**Blewett Mushlitz Hally, LLP**
**710 16th Avenue**
**Lewiston, ID 83501**
(208) 413-6678 Phone
(208) 413-6682 Fax
Email: jonhally@idahoconstructionlawyers.com
Pro Hac Vice (Pending)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN JAMES HINES,<br><br>    Plaintiff,<br><br>    vs.<br><br>ASOTIN COUNTY and the ASOTIN COUNTY BOARD OF COMMISSIONERS,<br><br>    Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the above-named Plaintiff and for a cause of action against the Defendants complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983 as a result of the

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL          1**

Defendants knowingly and intentionally violating Plaintiff's right to the assistance of effective counsel and due process that is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Defendants awarded an indigent defense contract to the person who was assigned as the attorney to represent Plaintiff with regard to two felony charges even though that attorney was not licensed to practice law in the State of Washington. Plaintiff relied upon the advice of his appointed counsel and pleaded guilty to the two felony charges, not knowing that affirmative defenses existed with regard to those charges which would have prohibited a finding of guilt. As a result of his reliance upon the unqualified attorney, Mr. Hines was convicted of two felonies and was imprisoned in a Washington State prison.

## JURISDICTION AND VENUE

2.     Jurisdiction is proper under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

3.     Venue is proper in the above-entitled court by virtue of 28 U.S.C. §1391(b)(1) and/or 28 U.S.C. 1391(b) (2) since the substantial part of the events or omissions giving rise to the claim occurred in Asotin County, Washington and in the Eastern District of Washington and, on information and belief, all Defendants are residents of Washington.

## PARTIES

4.     Plaintiff CALVIN JAMES HINES (hereinafter "Hines") is a citizen of the United States. Plaintiff was an indigent person charged with two felony crimes in the Superior Court of Washington for Asotin County in Case No. 17-1-00159-02. Plaintiff was assigned Robert Van Idour as his court appointed attorney to represent him in regard to the felony charges.

5.     Defendant ASOTIN COUNTY is a political subdivision of the State of Washington and organized under the laws of the State of Washington and operates within this judicial district.

**COMPLAINT AND
DEMAND FOR JURY TRIAL            2**

Asotin County acts by and through the ASOTIN COUNTY BOARD OF COUNTY COMMISSIONERS which board consists of duly elected officials (hereinafter "Commissioners"). Defendants ASOTIN COUNTY and the COMMISSIONERS are "persons" under 42 U.S.C. 1983 and, at all times relevant to this case, acted under the color of law. Defendants currently are and at all times relevant were responsible for providing legal services to indigent individuals charged with crimes within the County of Asotin and did so by contracting with persons, including Robert Van Idour, to represent said indigent defendants.

## GENERAL ALLEGATIONS

6. The Sixth and Fourteen Amendments to the United States Constitution guarantee to every indigent person charged with a crime the right to effective assistance of counsel and guarantees due process for all defendants charged with crimes.

7. The Defendants had a constitutional duty to provide indigent persons, including Plaintiff Hines, who are charged with a crime in the Superior Court of Asotin County with effective assistance of counsel as well as guarantee due process.

8. The Washington State Legislature specifically found that "effective legal representation must be provided for indigent person and persons who are indigent and able to contribute, consistent with the constitutional requirements of fairness, equal protection, and due process in all cases where the right to counsel attaches." RCW 10.101.005.

9. On or about September 22, 2017, Plaintiff Hines was charged with two felony charges by way of an Information in the Superior Court of Washington for Asotin County in Case No. 17-1-00159-02. More specifically, Count 1 charged Mr. Hines with Theft in the Second Degree in violation of RCW 9A.56.040(1)(a) wherein Mr. Hines was alleged to have stolen property that was

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**             **3**

valued in excess of $750.00 dollars. Count 2 of the Information charged Mr. Hines with Trafficking in Stolen Property in the First Degree, wherein the charge claimed that Mr. Hines knowingly trafficked in stolen property in Asotin County, Washington.

10. The maximum penalty for Theft in the Second Degree, a Class C Felony, is five years incarceration and a fine of $10,000.00. The maximum penalty for Trafficking in Stolen Property in the First Degree, a Class B Felony, is ten years incarceration and a fine of $20,000.00.

11. As a result of Mr. Hines being indigent, the Court appointed Mr. Van Idour to represent Mr. Hines in the Asotin County Superior Court case.

12. As of the time that Mr. Van Idour was appointed to represent Mr. Hines, the Defendants had awarded Indigent Defense Contracts to several individuals, including Mr. Van Idour, to provide legal representation for indigent persons charged with felonies in the Superior Court for Asotin County, Washington (hereinafter "contract attorneys").

13. The Defendants notified the Asotin County Court of its contract attorneys who were eligible for the Judges to appoint to represent criminal defendants who were indigent. The Defendants were aware that the trial judges would rely upon the list of contract attorneys when the judges appointed counsel to represent indigent persons. In fact, the Superior Court for Asotin County utilized a standard form for the appointment of indigent counsel which form listed three attorneys, including Mr. Van Idour, along with each attorneys' contact information. The Court would simply check a box by the name of the attorney that was being appointed to a particular indigent defendant. Notably, the contact information listed the Washington State Bar license numbers for two of the attorneys but did not list any bar number for Mr. Van Idour.

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**             **4**

14.     At the time the Defendants awarded an indigent defense contract to Mr. Van Idour to provide legal services to indigent defendants, the Defendants, in an apparent effort to comply with RCW 10.101.030, adopted a list of minimum qualifications for contract attorneys including but not limited to the requirement that the attorney must be a current member in good standing with the Washington State Bar Association upon application and throughout the term of the contract. During the application process and at the time the Defendants contracted with Mr. Van Idour to provide indigent legal counsel, the Defendants knew that Mr. Van Idour did not meet the minimum qualifications as he was not a licensed to practice law in the State of Washington and was not a member in good standing with the Washington State Bar Association.

15.     At the time the Defendants retained Mr. Van Idour to represent indigent defendants, they were aware of criminal defendants' Sixth Amendment right to effective representation by counsel. Additionally, Defendants were aware that the minimum qualifications were necessary to satisfy a criminal defendants' right to effective counsel under the Sixth Amendment of the U.S. Constitution.

16.     On information and belief, the Defendants appointment of the unqualified attorney was part and parcel of a plan to reduce the County's expenditures on indigent representation which action was done intentionally and with a complete and utter disregard for Mr. Hines', and other indigent defendants', constitutional right to effective representation. Defendants knew that in appointing an attorney who was not licensed to practice law in the State of Washington that the unqualified attorney would be less likely to take cases to trial but, instead, would be inclined to resolve cases by having indigent defendants plead guilty to crimes charged, which practice would save the County money.

**COMPLAINT AND
DEMAND FOR JURY TRIAL              5**

17. Plaintiff's court appointed counsel who was not qualified to practice law in Washington failed to provide adequate consultation and communications with Mr. Hines, failed to perform an adequate factual or legal investigation in to potential defenses to the alleged crimes nor did he pursue any motions to dismiss. A basic review of the file, however, established viable and absolute defenses to the alleged felony charges.

18. RCW 9A.56.040(1)(a), which defines Theft in the Second Degree, requires that the stolen property be valued in an amount at least $750.00 and less than $5,000.00. If the stolen property is valued at less than $750.00 then the crime is a misdemeanor. The Court's file included law enforcement records which listed the total market value of the two items that were allegedly stolen as being $80.00. As such, the total value of the allegedly stolen items was insufficient to constitute Theft in the Second Degree in violation of RCW 9A.56.040(1)(a).

19. Count 2 of the Information identified the felony charge of Trafficking in Stolen Property to have occurred in Asotin County, State of Washington; however, the Court's file included law enforcement records which asserted that Mr. Hines pawned the two allegedly stolen items at a pawn shop located in Lewiston, Idaho which evidence constituted a viable jurisdictional defense against the felony charged in Asotin County, Washington.

20. Mr. Hines was not aware of the fact that his court appointed attorney was not competent to practice law in the State of Washington and did rely upon the advice of said counsel. Mr. Hines' court appointed counsel advised him that he had no defenses to the criminal charges and that he needed to enter guilty pleas to the two felony charges. In reliance upon a belief that his court appointed counsel was competent to practice law in the State of Washington, Mr. Hines accepted his attorneys advice as being accurate and did plead guilty to the two felony charges.

**COMPLAINT AND
DEMAND FOR JURY TRIAL            6**

21.     As a result of Mr. Hines pleading guilty, he was convicted of the two felony charges and was sentenced to incarceration in state prison for 19 months and he completed his term of imprisonment. Subsequent to his release, Mr. Hines was notified by Asotin County that he was obligated to pay for the use of the court appointed attorney which payment was part of his sentence. Mr. Hines intended on challenging having to pay for the legal services of his court appointed counsel as he believed the services were inadequate. Mr. Hines then learned that his court appointed attorney was not even licensed to practice in the State of Washington.

22.     As a result of Defendants' acts and omissions, including its policies and practices regarding indigent persons charged with crimes in the Superior Courts of Asotin County, Plaintiff suffered harm including, among other things, he was deprived of adequate consultation and communications with effective counsel; he was deprived of making meaningful decisions about his rights as he was deprived of an adequate factual and legal investigation by his attorney; he was deprived of a meaningful opportunity to present defenses; his rights were waived without proper consultation and advice; he was deprived of effective counsel; and he was deprived of due process.

23.     As a direct and proximate cause of the Defendants' unlawful actions, the Plaintiff's clearly established constitutional rights were violated and Plaintiff suffered damages including loss of freedom and severe emotional distress resulting from imprisonment.

24.     Plaintiff satisfied all conditions precedent to filing this cause of action.

**COMPLAINT AND
DEMAND FOR JURY TRIAL              7**

## CAUSE OF ACTION

**Violation of Sixth and Fourteenth Amendment to the United States Constitution, 42. U.S.C. 1983**

25. Plaintiff realleges and incorporates the allegations contained in the paragraphs above as if fully set forth.

26. Acting under color of state law, Defendants have violated and caused violations of Plaintiff's right to the assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate cause of Defendants' unlawful actions, Plaintiff Hines suffered damages in an amount to be proven at trial. Plaintiff is entitled to punitive damages.

## ATTORNEY FEES

28. That in order to recover damages referred to above, it has been necessary for Plaintiff to employ Alan Baker of A.C. Baker Law and Jonathan Hally of the law firm of Blewett Mushlitz Hally, LLP to represent him in this action. Plaintiff is entitled to a reasonable amount of attorney fees as the Court deems just and for costs necessarily incurred in the prosecution of this case pursuant to 42 U.S.C. §1988 or other federal and state laws.

## JURY TRIAL

29. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury on all triable issues arising from state law.

WHEREFORE, Plaintiff prays for monetary judgment against the Defendants as follows:

1. For general and special damages in an amount to be established at trial;

2. Punitive damages;

3. For Plaintiff's costs and attorney fees necessarily and reasonably incurred herein,

**COMPLAINT AND DEMAND FOR JURY TRIAL**     **8**

pursuant to 42 U.S.C. §1988 and other applicable federal and state laws; and,

    4.    For such other and further relief as the Court deems just and equitable.

DATED this 12th day of August, 2020.

                           A. C. Baker Law, PLLC

                           By:    /s/ Alan Baker
                                Alan Baker, WSBA 46037
                                Attorney for Plaintiff.
                                alan@acbakerlaw.com

**COMPLAINT AND
DEMAND FOR JURY TRIAL**          **9**