UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN JAMES HINES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ASOTIN COUNTY and the ASOTIN COUNTY BOARD OF COMMISSIONERS,<br><br>　　　　　　Defendants. | NO. 2:20-CV-0280-TOR<br><br>ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Asotin County's Motion to Dismiss (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant Asotin County's Motion to Dismiss (ECF No. 8) is **GRANTED**.

## BACKGROUND

This case arises from services made by an attorney who is not licensed to practice law in Washington State.

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 1

On August 12, 2020, Plaintiff filed his Complaint with this Court. ECF No. 1. On August 28, 2020, Defendant Asotin County filed the instant Motion to Dismiss itself and the Asotin County Board of Commissioners under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 8. Represented by counsel, Plaintiff had 21 days to respond to the Motion. LCivR 7(c)(2)(B)(ii). Plaintiff failed to file any response. The following facts are drawn from Plaintiff's Complaint and construed in the light most favorable to Plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

On or about September 22, 2017, Plaintiff Calvin James Hines was charged with two felony charges in the Superior Court of Washington for Asotin County. ECF No. 1 at 3-4, ¶ 9. On account of Plaintiff's indigence, the Superior Court appointed Mr. Robert Van Idour to represent Plaintiff. ECF No. 1 at 4, ¶ 11. At the time Defendants awarded Mr. Van Idour the indigent defense contract, Mr. Van Idour was not licensed to practice law in the State of Washington and was not a member in good standing with the Washington State Bar Association. ECF No. 1 at 4-5, ¶¶ 12-14.

Upon the advice of Mr. Van Idour, Plaintiff pled guilty to the two felony charges and was sentenced to incarceration in state prison for 19 months. ECF No.

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 2

1 at 7, ¶ 21. Plaintiff completed his term of incarceration and learned that Mr. Van Idour was not licensed to practice law. *Id.*

Plaintiff filed the present suit under 42 U.S.C. § 1983, claiming that Defendants violated his Sixth and Fourteenth Amendment rights to effective assistance of counsel. ECF No. 1 at 8, ¶ 26. These allegations are based on Mr. Van Idour's lack of license and failure to raise defenses that could have been pursued for the two underlying felony charges. ECF No. 1 at 6, ¶¶ 17-19.

## DISCUSSION

### A. Failure to Respond

Under this District's Local Rules, failure to comply with filing deadlines "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR 7(e). In the Ninth Circuit, a district may grant a motion to dismiss as unopposed pursuant to a local rule that permits the granting of a motion for failure to respond. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). To dismiss an action for failure to comply with local rules, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation omitted).

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 3

1    Here, the factors weigh in favor of dismissal where Plaintiff, who is

2 represented by counsel that is on notice of the Local Rules, failed to respond by a

3 deadline that is more than a month overdue.  The first two factors weigh in favor of

4 dismissal as the public always has an interest in expeditiously resolving this

5 litigation and the Court has an interest in managing the docket.  *See Yourish v. Cal*

6 *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  The third factor, the risk of

7 prejudice to defendants, is weighed in connection to Plaintiff's reason for default;

8 as Plaintiff has provided no excuse, the Court finds that there is sufficient prejudice

9 to Defendants that strongly favors dismissal.  *Id.* at 991-992.  The fourth and fifth

10 factors are outweighed by the three preceding factors that strongly support

11 dismissal.  *Id.* at 992.  Thus, dismissal is appropriate for Plaintiff's failure to

12 respond.

13    **B.  Motion to Dismiss**

14    Nevertheless, the Court will consider the merits of Defendant Asotin

15 County's Motion.  Defendant Asotin County moves to dismiss Plaintiff's

16 complaint, arguing: (1) Plaintiff's ineffective assistance of counsel claims under

17 the Sixth and Fourteenth Amendments are barred where Plaintiff fails to show that

18 his underlying convictions were overturned or invalidated; and (2) Plaintiff's

19 claims against Defendant Asotin County Board of Commissioners must fail as it is

20 not a "person" within the meaning of 42 U.S.C. § 1983.  ECF No. 8 at 4-8.

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 4

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences [] to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 5

In order to establish a § 1983 claim for unconstitutional conviction or imprisonment, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, in order to recover damages, the plaintiff must show that the conviction has been invalidated. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Here, Plaintiff's ineffective assistance claims against his defense counsel "necessarily imply the invalidity" of his criminal proceedings and incarceration. *See Heck*, 512 U.S. at 487. Because Plaintiff has not alleged that his conviction has been invalidated, any claim he may have under 42 U.S.C. § 1983 for damages has not yet accrued. *See Heck*, 512, U.S. at 489-90.

Additionally, Plaintiff's claims against the Defendant Asotin County Board of Commissioners are not legally cognizable as the county department does not have a "separate identity" from the county itself to qualify as a "person" under § 1983. *Brandon v. Holt*, 469 U.S. 464, 472 (1985). Therefore, Plaintiff's claims against Defendant Asotin County Board of Commissioners must be dismissed.

Because Plaintiff's filing date to respond to Defendant Asotin County's Motion to Dismiss has now passed and Plaintiff failed to file any opposition, the Court deems Plaintiff to have consented to entry of an Order Granting Defendant

ORDER GRANTING DEFENDANT ASOTIN COUNTY'S MOTION TO DISMISS ~ 6

Asotin County's Motion to Dismiss pursuant to LCivR 7(e).  Substantively, Plaintiff's complaint lacks sufficient allegations to withstand the Motion.  Thus, dismissal is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Asotin County's Motion to Dismiss (ECF No. 8) is **GRANTED**.

2. The Complaint and all claims against both named Defendants are **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** October 19, 2020.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge